UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE MONICA H. HUJAZI.

Case No.  26-cv-02856-EMC

**ORDER DENYING APPELLANT'S EMERGENCY MOTION FOR STAY PENDING APPEAL**

Docket No. 4

Pending before the Court is Ms. Hujazi's motion for a stay pending appeal. Ms. Hujazi has appealed the bankruptcy court's order of February 23, 2026. In that order, the bankruptcy court denied Ms. Hujazi's motion for leave to file a late objection to the Trustee's Final Report. *See Hujazi*, No. 13-30477 (N.D. Cal. Bankr. Ct.) (Docket No. 913). Having considered the papers filed and the evidence of record, the Court hereby **DENIES** Ms. Hujazi's motion for a stay.

## I.        FACTUAL & PROCEDURAL BACKGROUND

The involuntary Chapter 7 bankruptcy involving Ms. Hujazi as debtor was initiated in 2013. Ms. Hujazi has been represented by counsel during the proceedings. The bulk of the time she was represented by Bradley M. Kass. In 2020, Stratton Scott Barbee substituted in for Mr. Kass. Mr. Barbee made a general appearance – *i.e.*, there was no indication that his representation of Ms. Hujazi was limited in any way. *See* Docket No. 790 (notice of substitution) ("PLEASE TAKE NOTICE THAT the undersigned attorney is hereby substituted as counsel of record for debtor Monica Hujazi. . . . [A]ll required notices should now be directed to: LAW OFFICE OF STRATTON S. BARBEE[.] . . . I, Monica Hujazi, am the debtor in this bankruptcy case. I hereby consent to Stratton S. Barbee acting as my attorney in this case, and I hereby request Bradley Kass

United States District Court
Northern District of California

United States District Court
Northern District of California

be relieved as my attorney in this case."). Mr. Barbee has never filed a motion to withdraw as counsel, nor has Ms. Hujazi ever moved to represent herself pro se in lieu of being represented by Mr. Barbee.

The Trustee's Final Report in the bankruptcy proceedings was filed on May 22, 2025. *See Hujazi*, No. 13-30477 (N.D. Cal. Bankr. Ct.) (Docket No. 899). Two notices of the filing of the Final Report were also filed at or about that time (one by the Trustee and one by the bankruptcy court). The notices expressly noted that there was a timeline to object. *See Hujazi*, No. 13-30477 (N.D. Cal. Bankr. Ct.) (Docket Nos. 901, 904). Notices were also issued that a hearing would be held on July 3, 2025, and that objections to the Trustee's Final Report (as well as her final application for compensation) were to be filed no later than seven days before the hearing. *See Hujazi*, No. 13-30477 (N.D. Cal. Bankr. Ct.) (Docket Nos. 903, 905). No objections were filed, and the hearing was held on July 3, 2025. At the hearing, the bankruptcy court "orally ruled that it would approve the Final Report and each of the Fee Applications in the amounts requested." *Hujazi*, No. 13-30477 (N.D. Cal. Bankr. Ct.) (Docket No. 913) (Order at 4).

Approximately eight months later, on February 20, 2026, Ms. Hujazi filed a motion captioned as a motion for leave to file a late objection to the Trustee's Final Report and for limited review of the Final Report. Though she was represented by counsel, Ms. Hujazi filed the motion herself, *i.e.*, proceeding pro se. In the motion, Ms. Hujazi asked, *inter alia*, for confirmation that "real property dispositions [were] fully and accurately reflected in the . . . Final Report" and that "distributions reflected in the Final Report were calculated based solely upon claims that were allowed by order of [the bankruptcy court]." *Hujazi*, No. 13-30477 (N.D. Cal. Bankr. Ct.) (Docket No. 912) (Mot. at 3). Ms. Hujazi also asked for leave to hire an independent CPA (at her expense) to assist her in reviewing and understanding the Final Report.

Ms. Hujazi indicated that she did not file her request for relief earlier because she did not get notice of the Final Report and/or the hearing on the Final Report. According to Ms. Hujazi, because she "experienced uncertainty regarding the status and scope of [her] legal representation and did not receive consistent communication regarding filings or deadlines[,] . . . a friend suggested that [she] independently review the court docket through PACER." *Hujazi*, No. 13-

30477 (N.D. Cal. Bankr. Ct.) (Docket No. 912) (Hujazi Decl.). She set up a PACER account in late January 2026, and "discovered filings and notices of which [she] had not previously been aware" and thus contacted "prior counsel regarding representation status." *Hujazi*, No. 13-30477 (N.D. Cal. Bankr. Ct.) (Docket No. 912) (Hujazi Decl.). In mid-February 2026, she was "informed during a telephone communication that prior counsel's representation had been limited in scope and had not continued." *Hujazi*, No. 13-30477 (N.D. Cal. Bankr. Ct.) (Docket No. 912) (Hujazi Decl.). Ms. Hujazi also claims that she did not receive any notice of filings at her email address and that, if notices had been mailed to a certain address in Hillsborough, California, she was "not personally residing at that address and did not receive those mailings." *Hujazi*, No. 13-30477 (N.D. Cal. Bankr. Ct.) (Docket No. 912) (Hujazi Decl.).

On February 23, 2026, the bankruptcy court denied Ms. Hujazi's motion for relief. (This is the order that Ms. Hujazi is now appealing.) The court noted that Ms. Hujazi had not made any specific objections with respect to the Final Report; rather, she simply "want[ed] to investigate whether she has any basis to object." *Hujazi*, No. 13-30477 (N.D. Cal. Bankr. Ct.) (Docket No. 912) (Docket No. 913) (Order at 5). But "[i]n order to afford Ms. Hujazi the relief she seeks, the court would have to vacate prior orders, relief that is governed by authority to which Ms. Hujazi does not cite [Federal Rules of Civil Procedure 59 or 60 and Federal Rules of Bankruptcy Procedure 9023 or 9024]." *Hujazi*, No. 13-30477 (N.D. Cal. Bankr. Ct.) (Docket No. 912) (Docket No. 913) (Order at 5). The court added that, even if Ms. Hujazi was correct that she could potentially get relief based on excusable neglect under Federal Rule of Bankruptcy Procedure 9006 (which addresses computing and extending time), she had failed to establish such neglect. The court noted that, before the July 3, 2025, hearing was held on the Final Report, it confirmed that both the Trustee's Notice and the Clerk's Notice of the hearing were properly served on Ms. Hujazi. Notice was sent to Ms. Hujazi's current address of record (*i.e.*, not the Hillsborough address) as well as to her counsel of record (*i.e.*, via ECF). *See Hujazi*, No. 13-30477 (N.D. Cal. Bankr. Ct.) (Docket No. 912) (Docket No. 913) (Order at 3-4). Finally, the court indicated that, given the passage of time, it was "likely" that the Trustee had already made the distributions to creditors, who would be highly prejudiced if the

3

court were to grant the motion. Vacating the July 3 orders and unwinding all that has happened since their entry would be very disruptive to creditors, to [the Trustee], and to the estate-retained professionals. Still further, Ms. Hujazi has counsel. She could – and should – have consulted with them if she had questions about the Final Report or the Fee Applications and made sure she understood the relevant deadlines.

*Hujazi*, No. 13-30477 (N.D. Cal. Bankr. Ct.) (Docket No. 913) (Order at 5-6).

Ms. Hujazi subsequently appealed the bankruptcy court's order denying her relief. *See* Docket No. 916 (notice, filed on 3/6/2026). She then asked the bankruptcy court for a stay of "further administration and closing of [the] estate" pending her appeal. *See Hujazi*, No. 13-30477 (N.D. Cal. Bankr. Ct.) (Docket No. 927) (Mot. at 1). The Trustee opposed the motion, noting, *inter alia*, that, on March 5, 2026, she had filed her "Final Account and Distribution Report and Certification that the Estate Has Been Fully Administered[,] showing that all funds were distributed to creditors and administrative claimants. There are no open matters other than entry by the [Bankruptcy] Court of the Final Decree" and Ms. Hujazi's appeal. *Hujazi*, No. 13-30477 (N.D. Cal. Bankr. Ct.) (Docket No. 929) (Opp'n at 1).

On April 17, 2026, the bankruptcy court denied Ms. Hujazi's motion for a stay. It rejected Ms. Hujazi's contention that she had not been given constitutionally adequate notice of the Final Report and/or hearing thereon. *See Hujazi*, No. 13-30477 (N.D. Cal. Bankr. Ct.) (Docket No. 931) (Order at 3-4) (noting that the notice of substitution filed by counsel of record, Mr. Barbee, "set forth no indication that he or Ms. Hujazi intended to limit his engagement to specific matters" and that Mr. Barbee had not moved to withdraw as required by the applicable rules "so he remains Ms. Hujazi's counsel of record for all purposes"). The court also rejected Ms. Hujazi's contention that she would be irreparably harmed without a stay because the Trustee had already "distributed all available funds and administered all estate property long before Ms. Hujazi filed her motion"; "[a] stay pending appeal will not prevent harm and cannot serve to unwind these distributions." *Hujazi*, No. 13-30477 (N.D. Cal. Bankr. Ct.) (Docket No. 931) (Order at 4).

Ms. Hujazi now asks this Court for a stay pending appeal. Her "immediate request is to prevent further actions that would impair effective appellate relief, including closure of the [bankruptcy] case [*i.e.*, the final decree] and discharge of the Trustee." Docket No. 4 (Mot. at 2).

4

## II.    DISCUSSION

A.    Legal Standard

Where a bankruptcy court has already denied a motion for a stay pending appeal (as is the case here), the district court's "'review is limited to a simple determination of whether the bankruptcy court abused its discretion.'" *DBD Credit Funding LLC v. Silicon Labs., Inc.*, No. 16-CV-05111-LHK, 2016 U.S. Dist. LEXIS 162930, at *13 (N.D. Cal. Nov. 23, 2016); *see also In re Wymer*, 5 B.R. 802, 808 (9th Cir. B.A.P. 1980) ("It is . . . important to the properly functioning bankruptcy court that the trial judge's rulings on stays pending appeal be disturbed only in the event of error or abuse of discretion."). "The abuse of discretion standard on review of the bankruptcy court's order denying a stay encompasses a *de novo* review of the law and a clearly erroneous review of the facts with respect to the underlying issues." *In re North Plaza LLC*, 395 B.R. 113, 119 (S.D. Cal. 2008).

Factors that are considered in deciding whether to issue a stay pending appeal are:

> "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

*Nken v. Holder*, 556 U.S. 418, 434 (2009). "The first two factors . . . are the most critical." *Id.*

The bankruptcy court did not abuse its discretion in concluding that Ms. Hujazi was unlikely to succeed on the merits of her claim that she did not get constitutionally adequate notice of the Trustee's Final Report and/or hearing thereon. As the bankruptcy court noted, Ms. Hujazi was not given notice at the Hillsborough address but rather at her current address of record. *See* Docket No. 729 (notice of change of address, filed on 12/26/2018). Ms. Hujazi has not argued that this address is incorrect or that she thereafter notified the bankruptcy court of an updated address. Notice was also given to her counsel of record, who had entered a general appearance on her behalf and who had never withdrawn. The fact that Mr. Barbee seems to have last made an appearance at a hearing in December 2022 does not mean that he is no longer counsel of record. As she had retained counsel, it was up to Ms. Hujazi to communicate with Mr. Barbee any concerns she had about the case.

United States District Court
Northern District of California

The bankruptcy court also did not abuse its discretion in finding that Ms. Hujazi had failed to make a showing that she would be irreparably injured absent a stay. As the bankruptcy court noted, distributions were already made long ago. Entry of a final decree and discharge of the Trustee are largely formalities at this point. A stay would accomplish little if anything. To the extent Ms. Hujazi has suggested that the carrying out of these last administrative steps would moot her appeal, the Court does not agree. If her appeal is moot, it is not because of these last administrative steps.

### III.    CONCLUSION

For the foregoing reasons, the Court denies Ms. Hujazi's motion for a stay pending appeal. This order disposes of Docket No. 4.

**IT IS SO ORDERED**.

Dated: April 22, 2026

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

6